IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON LEE CARR, #208196, | ) ) ) |
| Petitioner, | ) ) |
| v. | )   CASE NO. 2:22-CV-390-ECM-KFP |
| CHADWICK CRABTREE, et al., | ) ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Aaron Lee Carr, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Doc. 1. Thereafter, Respondents filed an Answer, which indicates that the Petition is time-barred by the applicable one-year statute of limitations as well as unexhausted and procedurally defaulted. Doc. 16. Specifically, Respondents demonstrate that the statute of limitations expired in 2011 (*id*. at 5–6), and Carr did not file the instant § 2254 Petition until 2022—approximately 11 years later (Doc. 1 at 16). Additionally, Respondents demonstrate that Carr failed to petition the Alabama Supreme Court for writ of certiorari upon the denial of his appeal to the Alabama Court of Criminal Appeals, and the opportunity to exhaust his state court remedies expired in 2009. Doc. 16 at 7–9.

Accordingly, on July 29, 2022, the Court issued an Order requiring Carr to show cause why his Petition should not be dismissed for the above reasons. Doc. 18. The Court informed Carr that he may file affidavits or other documents in support of his claims and

that this case may proceed upon a showing of cause and prejudice or a fundamental miscarriage of justice. *Id*. However, despite the Court's clear directive that Carr must file a response by August 18, 2022 (*id*. at 3), Carr never responded to the Court's Order.

Because Carr failed to comply with the Court's Order, this case is due to be dismissed for failure to prosecute and comply with an Order of the Court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order . . . generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Carr failed to respond despite the Court's clear directive—indeed, he has not taken any action since the filing of the Petition in April 2022—the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED for failure to prosecute and comply with an Order of the Court.

It is further ORDERED that, by **March 31, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of March, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE